UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN CLEVELAND GREEN,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL MARTEL, et al.,<br><br>Defendants. | No. 2:17-cv-0429-JAM-EFB P<br><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The court dismissed his complaint for failure to state a claim but granted him leave to file an amended complaint. *See* ECF No. 16 (explaining that plaintiff's allegations of mail tampering were far too speculative to state a cognizable claim). The court also denied plaintiff's request for counsel. *See* ECF No. 16 at 5. Rather than amend his complaint, plaintiff filed a "response" to the court's order, stating that he cannot file an amended complaint until the court appoints him either an investigator or an attorney. ECF No. 20. For the reasons stated below, the court will neither appoint counsel nor an investigator for plaintiff. And because plaintiff indicates that he will not amend his complaint, this action should be dismissed for failure to state a claim.

To the extent plaintiff seeks reconsideration of order denying his request for appointment of counsel, that request is denied. Further, his request for appointment of an investigator is

denied. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *See Tedder v. Odel*, 890 F.2d 210 (9th Cir.1989). The in forma pauperis statute does not authorize the expenditure of public funds in a civil rights case for the purposes sought by plaintiff. Therefore, the court will not appoint an investigator to assist plaintiff with this case.

As noted, plaintiff has declined the opportunity to amend. *See* ECF No. 20 at 3-4 (stating he cannot file an amended complaint because this action is meant to be a request for an investigation and "not a lawsuit"). Regardless, it appears that any amended complaint would be futile. Plaintiff's response to the court's March 15, 2018 order dismissing his complaint with leave to amend demonstrates that he is unable to make his allegations of mail tampering any more concrete. *See, e.g., id.* at 3 (alleging that the media's lack of response to his correspondence about his false imprisonment is indicative of mail tampering because "the media [ ] report[s] injustices.").

In light of the above, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to state a claim upon which relief could be granted, and the Clerk of the Court be directed to enter judgment and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 27, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2